IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TODRICK MORRIS, | § |
| Plaintiff, | § |
| v. | §  Case No. 6:23-cv-115-JDK-JDL |
| JONATHAN S. HYATT, et al., | § |
| Defendants. | § |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Todrick Morris, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On August 3, 2023, Judge Love issued a Report and Recommendation recommending that the Court: (1) dismiss all claims against Defendants in their official capacities without prejudice for lack of jurisdiction and as moot; (2) dismiss the claims against Defendants Derek Allen and Jonathan Hyatt with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim; (3) dismiss the claims against the Doe Defendants without prejudice pursuant to pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim; and (4) dismiss Plaintiff's failure to protect claim against Defendant Zachary Dennis with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Docket No. 17. Judge Love recommended

1

that Plaintiff's claim against Defendant Dennis for failure to act be allowed to proceed. *Id.* at 7–8. Plaintiff filed objections. Docket No. 18.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**A. Defendant Zachary Dennis**

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff's failure to protect claim against Defendant Dennis should be dismissed for failure to state a claim. Docket No. 18 at 2. Based on the facts alleged in Plaintiff's complaint, the Magistrate Judge concluded that the Court could not infer that Dennis knew that a restricted housing inmate was unrestrained and likely to assault Plaintiff. Docket No. 17 at 7. Plaintiff asserts that Dennis knew that a cell door was unlocked from the picket monitors and argues that Dennis therefore knew of a substantial risk of serious harm to Plaintiff. Docket No. 18 at 3. Plaintiff cites *Walton v. Dawson*, 752 F.3d 1109, 1114 (8th Cir. 2014), as support. *Id.* Even accepting Plaintiff's allegation as true, however, knowing that a cell door was unlocked does not mean that Defendant Dennis knew a serious assault was about to occur. In this way, *Walton v. Dawson* is distinguishable. In *Walton v. Dawson*, the plaintiff was a pretrial detainee who asserted his rights pursuant to

2

the Due Process Clause of the Fourteenth Amendment. 752 F.3d at 1117. Plaintiff is a prisoner incarcerated at the TDCJ McConnell Unit who is proceeding with claims pursuant to the Eighth Amendment. While both claims involve "deliberate indifference," the Supreme Court has made it clear that as applied to a prison official in the Eighth Amendment context, "deliberate indifference" requires subjective knowledge—that is, the official knows of and disregards an excessive risk to inmate health and safety. Conversely, in the Fourteenth Amendment context, "deliberate indifference" is purely objective—liability may be premised on obviousness or constructive notice. *See Farmer v. Brennan*, 511 U.S. 825, 837, 841 (1994).

Although the Eighth Circuit ultimately applied the subjective *Farmer* standard in *Walton*, the case remains distinguishable because it involved cell doors that were repeatedly being left unlocked overnight such that a prior assault had occurred. *Walton*, 752 F.3d at 1120. Here, Plaintiff alleges only that Dennis might have known the cell door of Plaintiff's assailant was unlocked from the picket monitors. But Plaintiff also alleges that Dennis confirmed with Defendant Allen that the cell door was secure. Thus, even if the allegations are construed liberally, there are no facts alleged to infer that Dennis knew that Plaintiff was going to be assaulted. *See Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020). As such, Plaintiff's allegations fail to allege that Dennis had the subjective knowledge that Plaintiff faced a substantial risk of serious harm.

### B. Defendant Derek Allen

Plaintiff next objects to the Magistrate Judge's recommended dismissal of

Plaintiff's failure to protect and failure to act claims alleged against Defendant Allen. Docket No. 18 at 3–4. Plaintiff again focuses on the actions of Dennis with regard to the incident rather than the actions of Allen. In addressing Allen's personal involvement in response to the Magistrate Judge's Report, Plaintiff now states in his objections that Allen knew that the cell door of the assailant was not locked. Docket No. 18 at 4. But as discussed above, the knowledge of a cell door being unlocked is insufficient to infer that Allen had the subjective knowledge that Plaintiff faced a substantial risk of serious harm. As to Plaintiff's failure to act claim against Allen, Plaintiff's allegations again concede that Allen called for additional help to assist at the time of the incident, negating any inference of deliberate indifference on his part. Docket No. 18 at 5. The Court agrees that these facts fail to establish that Allen acted with more than mere negligence. *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022).

### C. Defendant Jonathan Hyatt

With respect to Defendant Hyatt, in his objections, Plaintiff clarifies that he intended to assert a conspiracy claim involving Hyatt related to the alleged assault. Docket No. 18 at 6. Plaintiff contends that Hyatt gave Dennis the instructions to escort Plaintiff and that Hyatt had a personal vendetta against Plaintiff. *Id.* As the Magistrate Judge explained, however, the Fifth Circuit has held that specific facts must be pleaded when a conspiracy is alleged. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987). "Bald allegations that a

4

conspiracy existed are insufficient." *Id.* Under § 1983, a claim for conspiracy must allege (1) an agreement between private and public defendants to commit an illegal act and (2) a constitutional deprivation. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Plaintiff's allegations against Hyatt fail to meet these standards.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 17) as the opinion of the District Court.

All pending claims against Defendants in their official capacities are **DISMISSED** without prejudice for lack of jurisdiction and as moot. Plaintiff's claims against Defendant Allen and Defendant Hyatt are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and the claims against the Doe Defendants are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Finally, Plaintiff's failure to protect claim against Defendant Dennis is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The sole remaining claim in this action is Plaintiff's failure to act claim against Defendant Dennis.

So **ORDERED** and **SIGNED** this **31st** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE