IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TODRICK MORRIS | § | |
| v. | § | CIVIL ACTION NO. 6:23cv115 |
| JONATHAN HYATT, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Todrick Morris, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Court issued a Report recommending dismissal of all of Plaintiff's claims except for his claim against the Defendant Zachary Dennis for failure to act. The Court ordered Dennis to answer, but the Attorney General for the State of Texas advised the Court that Dennis no longer worked for TDCJ and the Attorney General had not obtained authority to represent and answer for him. The Attorney General provided Dennis' last known address to the Court under seal.

The Court ordered the U.S. Marshal to effect service of process, but this service was returned unexecuted. On October 31, 2023, the Court ordered Plaintiff to provide a current address for service of process. Plaintiff filed a response asserting that the Attorney General had filed a frivolous motion claiming that he had three strikes under 28 U.S.C. §1915(g) when he did not, and the Court initially issued a Report saying that he had three strikes but later withdrew it. Plaintiff says that Dennis was still employed by TDCJ when the Court ordered an answer in April of 2023, but the

Attorney General's motion claiming that Plaintiff had three strikes allowed Dennis to resign and avoid service.

Plaintiff states that he is incarcerated in TDCJ and has no access or any means to obtain the address of an officer or former officer, noting that this is not permitted under prison rules. He adds that he has no funds to effect service if he could even locate Dennis. His release date is in 2039 and so the statute of limitations would expire if he has to wait until he is released to refile his lawsuit.

## II. Discussion

At the time of the filing of the complaint, Fed. R. Civ. P. Rule 4(m) read as follows:

**Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court - upon motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

The Fifth Circuit has held a litigant's *pro se* status does not excuse failure to effect proper service. Systems Signs Supplies v. U.S. Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). The court explained that a plaintiff proceeding *in forma pauperis* is entitled to rely on service by the U.S. Marshal and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant. However, a plaintiff may not remain silent and do nothing to effectuate service, or to aid the effecting of such service. Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987); Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) (responsibility of effecting service of process rests, at the end of the day, with the plaintiff).

In this case, the Court directed the United States Marshal to serve process and the Marshal attempted to serve this process at the last known address of the Defendant. This comports with the requirements of Fed. R. Civ. P. 4 and 28 U.S.C. §1915(c). *See* Lindsey v. U.S. Railroad Retirement Board, 101 F.3d 444, 448 (5th Cir. 1996). However, such service was returned unexecuted.

In compliance with Rule 4(m), the Court notified Plaintiff that dismissal of the Defendant Zachary Dennis for failure to effect service of process was contemplated. The Court extended the time for service as set out in Rule 4(m) and directed Plaintiff to provide a valid address for Dennis or show cause why he should not be dismissed from the lawsuit. In response, Plaintiff simply argued that Dennis had been employed by TDCJ when first ordered to answer and that he has no means of finding the address.

In Thrasher v. City of Amarillo, 709 F.3d 509, 511-12 (5th Cir. 2013), the plaintiff claimed he had good cause for delay in service of process because he suffered from mental illness, he initially proceeded *in forma pauperis*, and he did not understand that he could not himself serve process on the defendants. In affirming the district court's dismissal for failure to effect service, the Fifth Circuit explained that a litigant's *pro se* status does not excuse his failure to effect service and stated that the serving party bears the burden of showing good cause for the failure to effect service.

Likewise, in Kimble v. Parish of Jefferson, civil action no. 21-409, 2023 U.S. Dist. LEXIS 128320, 2023 WL 4728893 (E.D.La., July 5, 2023), *Report adopted at* 2023 U.S. Dist. LEXIS 126633, 2023 WL 4706581 (E.D.La., July 24, 2023), the district court directed the Marshal to serve process but service upon two of the defendants, Parria and Young, was returned unexecuted. The court ordered the plaintiff, a *pro se* prisoner, to show cause why these defendants should not be dismissed for failure to serve process. The plaintiff responded by requesting that the addresses for these defendants be unsealed so that he could investigate their whereabouts and attempt service of process.

The district court determined that the order to seal the addresses was proper and that it would be fruitless to unseal them because service had already been attempted at those addresses without success. The court noted that the plaintiff had made no apparent effort to locate these defendants and determined that the plaintiff had not shown good cause why the defendants should not be dismissed. *Accord*, Layton v. McClain, civil action no. 5:21cv122, 2022 U.S. Dist. LEXIS 210531, 2022 WL 17083659 (N.D.Tex., October 24, 2022), *Report adopted at* 2022 U.S. Dist. LEXIS

209347, 2022 WL 17084144 (N.D.Tex., November 18, 2022) (dismissing unserved defendants after plaintiff failed to provide addresses for service).

The district court has no duty to locate addresses for service of process on behalf of litigants. Wright v. TDCJ-CID Director, civil action no. 6:21cv280, 2023 U.S. Dist. LEXIS 89789, 2023 WL 3589777 (E.D.Tex., March 21, 2023), *Report adopted at* 2023 U.S. Dist. LEXIS 89084, 2023 WL 3586416 (E.D.Tex., May 22, 2023); *Jones v. Heart*, civil action no. 3:13cv856, 2014 U.S. Dist. LEXIS 56423 (S.D.Miss., March 27, 2014), *Report adopted at* 2014 U.S. Dist. LEXIS 56426, 2014 WL 1665006 (S.D.Miss., April 23, 2014); *see also* Barmes v. Nolan, 123 F. App'x 238, 249, 2005 U.S. App. LEXIS 3339 (7th Cir. 2005). Plaintiff has failed to show good cause for the failure to effect service of process and his claims against Officer Dennis should be dismissed without prejudice.

The Fifth Circuit has cautioned against dismissals without prejudice which operate as dismissals with prejudice, explaining that "if the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." Thrasher, 709 F.3d at 512, *citing* Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008). In this case, however, the alleged incident occurred in November of 2022, giving Plaintiff ample time to refile within the two-year statute of limitations. Upon review of all relevant factors, the Court has concluded that Plaintiff's claims against Officer Dennis should be dismissed without prejudice.

## RECOMMENDATION

It is accordingly recommended the Plaintiff's claims against the Defendant Officer Zachary Dennis be dismissed without prejudice for failure to effect service of process. Fed. R. Civ. P. Rule 4(m). Because these are the last remaining claims in the lawsuit, it is further recommended that final judgment be entered in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* <u>Battle v. United States Parole Commission</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. <u>Duarte v. City of Lewisville</u>, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 2nd day of January, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE